UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARON MITCHELL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-2831 |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS, LLC, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to remand filed by plaintiff Sharon Mitchell. Dkt. 9. After considering the motion, response, other relevant documents in the record, and the applicable law, the court is of the opinion that the motion to remand should be DENIED.

**I. BACKGROUND**

On August 21, 2017, Mitchell filed suit against defendant Family Dollar Stores of Texas, LLC ("Family Dollar"), in the 113th Judicial District Court of Harris County, Texas. Dkt. 1-1. Mitchell asserted a premises liability claim. *Id.* Family Dollar was served on August 25, 2017, and Family Dollar filed a general denial on September 18, 2017. *Id.* On September 21, 2017, Family Dollar removed the case to this court, claiming that the court has original jurisdiction under 28 U.S.C. § 1332 and that the case was appropriately removed in accordance with 28 U.S.C. §§ 1441 and 1446. Dkt. 1.

On October 20, 2017, Mitchell filed the pending motion to remand. Dkt. 9. Mitchell attached a copy of an amended original petition to her motion to remand.[1] Dkt. 9-1. This amended

---

[1] This amended petition has not been filed in the record as an amended petition; it is merely an exhibit to the motion to remand. Dkts. 9, 9-1. However, for ease of reference, the court refers to the document as the "amended petition."

petition includes a new defendant named Rachel Jefferson Miller, who is allegedly the manager of the store where Mitchell's accident occurred. *See id.* Mitchell admits that there is diversity of citizenship between her and Family Dollar, but she contends that the newly added defendant is not diverse and that the court should therefore remand the case to state court for lack of jurisdiction. Dkt. 9.

In response, Family Dollar argues that (1) the court should not consider the citizenship of Miller because she was added *after* removal; and (2) even if the court were to consider Miller's citizenship, Miller was improperly joined for the sole purpose of destroying diversity. Dkt. 12. The court need not consider the first ground because the court finds that joinder of Miller is improper.

## II. LEGAL STANDARD

A defendant may remove a civil action to federal court if that court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). Family Dollar argues that the court had diversity jurisdiction at the time of removal. Dkt. 1. For diversity jurisdiction, the amount in controversy must exceed $75,000 and complete diversity must exist between all parties. *Id.* § 1332(a). The burden of proving federal jurisdiction rests on the removing party. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Family Dollar met this burden with regard to the parties who were joined at the time of removal—Mitchell and Family Dollar. Mitchell does not dispute this. Rather, she contends that her subsequently joined party, Miller, destroys complete diversity.

Family Dollar asserts that to the extent Miller is a party to this action, she was improperly joined. Dkt. 12. The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Here,

2

Family Dollar asserts only the second basis for improper joinder, which requires the court to determine whether Mitchell has pled any viable claims against Miller. *See* Dkt. 12; *Smallwood*, 385 F.3d at 573. Therefore, Family Dollar has the heavy burden of establishing that Mitchell has failed to meet the pleading standard on every claim asserted against Miller. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1998). The pleading standard in federal court requires a plaintiff to plead enough facts "to raise a right to relief above a speculative level," and the supporting facts must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S. Ct. 1955 (2007).

### III. ANALYSIS

In the first amended petition, Mitchell contends that Miller's negligence or gross negligence proximately caused the accident because Miller created a condition on the premises that created an unreasonable risk of harm to visitors. Dkt. 9-1. Mitchell additionally contends that Miller knew or should have known of the unsafe condition and failed to remedy or correct the condition. *Id.* Mitchell also asserts that Family Dollar is legally responsible to Mitchell for Miller's negligent conduct under the doctrines of respondeat superior and agency because Miller was an agent or employee of Family Dollar and "was acting within the course and scope of such agency or employment." *Id.*

Under Texas law, "[i]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (citations and quotations omitted). The Texas Supreme Court extended this principal to premises liability claims in *Tri v. J.T.T.*, and "[a]fter *Tri*, there is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties." *Solis v. Wal-Mart Stores East, L.P.*, 617 F. Supp. 2d 476, 481 (S.D. Tex. 2008) (Hanen, J.).

3

Here, Mitchell has not alleged that Miller breached any duty other than her duties as an employee of Family Dollar. *See* Dkt. 9-1. Because no independent duty is alleged, Mitchell fails to state a plausible claim against Miller, and Miller is therefore not a properly joined defendant. *Cf. Lowery v. Wal-Mart Stores Tex., LLC*, No. 4:17-cv-0166, 2017 WL 999259, at *5 (S.D. Tex. Mar. 15, 2017) (Atlas, J.) ("Because Lowery has failed to demonstrate the existence of any independent duty on the part of Lopez, she cannot establish a cause of action for premises liability or gross negligence against Lopez individually.").

## IV. CONCLUSION

Mitchell's motion to remand is DENIED because there is complete diversity between the properly joined parties. To the extent Mitchell seeks to join Miller as a defendant by attaching an amended petition to her motion to remand, the request for joinder is DENIED.

Signed at Houston, Texas on November 28, 2017.

_____
Gray H. Miller
United States District Judge

4